(January 19, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. PRICE, Appellant. [621 NYS2d 413] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (Aison, J.), rendered May 8, 1991, upon a verdict convicting defendant of the crimes of arson in the second degree (six counts), attempted murder in the second degree (four counts) and reckless endangerment in the first degree (two counts).

When this matter was originally before us (204 AD2d 753), we withheld decision and remitted the matter to County Court for a further suppression hearing at which alternative grounds for upholding the search could be presented and determined *(see, People v Crandall,* 108 AD2d 413, *affd* 69 NY2d 459). Subsequent to a suppression hearing conducted on

June 15, 1994 and July 6, 1994, County Court (McGrath, J.), by decision and order dated September 6, 1994, granted defendant's motion to suppress the physical evidence seized at the premises.

We agree with County Court that the police had probable cause to arrest defendant and that the People failed to meet their burden of proving exigent circumstances to sustain the warrantless search. The People's own witnesses admit that the search of the premises was motivated by intent to seize evidence *(see, People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953).

As noted by the Court of Appeals in *People v Knapp* (52 NY2d 689): "The 'exigent circumstances' doctrine, which allows for broader application of much of the logic which permeates the search-incident-to-arrest exception, is said to exist whenever, though there is probable cause to search, urgent events make it impossible to obtain a warrant in sufficient time to preserve ' "evidence or contraband threatened with removal or destruction" ' *(People v Vaccaro,* 39 NY2d 468, 472, quoting *Chapman v United States,* 365 US 610, 615). But, even when that holds true, the scope of conduct thus sanctioned is strictly limited by the necessities of the circumstances in which it arises" *(supra,* at 695-696 [citations omitted]).

In attempting to convince County Court of exigent circumstances, the People, at the hearing on remittal, argued that the purpose of the search of the trailer was to confirm whether defendant had already implemented his threat to cause an explosion. That threat was described in detail in a letter left by defendant in a trash receptacle earlier on the day of his arrest. Such purpose was not, however, expressed to the original Judge who issued the search warrant. Further, the intent of the police is belied by the fact that they failed to arrest defendant immediately upon their discovery of the letter. Subsequent to its discovery, defendant was followed to the bus station in the City of Albany and observed placing a call from a public telephone. At approximately the same time, a local news station received a telephone call indicating that a letter had been dropped in a trash receptacle in which the threatening letter was found. The telephone call was traced to the bus station and defendant, leaving the bus terminal, was followed. He was not, however, arrested. The police department's order to stop his vehicle and arrest him on site was not issued until the surveillance was discontinued. Having failed to convince County Court that the "fruits" of the warrant

should be admitted under the "exigency doctrine", the People, on appeal, argue that County Court overlooked the more important "emergency circumstances" doctrine of *People v Mitchell (supra).* As noted earlier, even the People's own witnesses admit that the search was motivated by an intent to seize evidence. Therefore, the "emergency doctrine" enunciated in *People v Mitchell (supra)* is inapplicable.

Having determined that the evidence seized from the trailer was improperly admitted and mindful that there was a strong circumstantial case presented against defendant, we are constrained to conclude that there is a reasonable possibility that such error might have contributed to defendant's conviction and that such error is therefore not "harmless beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress physical evidence seized from the premises granted and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.